# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# NORTHERN DIVISION

**WILEY DAVID WEDGEWORTH, # 144574**            **PLAINTIFF**

**VERSUS**            **CIVIL ACTION NO. 3:17cv730-CWR-FKB**

**STATE OF MISSISSIPPI, et al.**            **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER OF PARTIAL DISMISSAL

This matter is before the Court sua sponte. Pro se Plaintiff Wiley David Wedgeworth is incarcerated with the Mississippi Department of Corrections ("MDOC"), and he brings this action challenging a denial of parole eligibility, the conditions of his confinement, and Rule Violation Reports ("RVRs"). The Court has considered and liberally construed the pleadings. Many of the allegations are disturbing.

However, as set forth below, Defendants State of Mississippi; MDOC; GEO; Management and Training Corporation ("MTC"); Wardens Grimmes and Jackson; Frank Shaw; Jerry Buscher; Hubert Davis; Officers Lucy, Q. Dukes, Hardy, Pulliam, Wesley, and Taha; Investigator Alexander; Lisa Herndon; Derrick Smith; Frank Young; Lieutenant Thomas, also known as Captain Thomas; Lieutenants Mason, Smith, and T. Donald; Quincy Moffet; Sergeant Ruffin; CERT Officer Holloman; Lucy Martin; Milton Blakely; Gary Holton; Sheneice Evans; Doris McDonald; Captains Meryl and Brown; Richard Pennington; Jerry Williams; Rusell Houston; Unqurie Smith; Shirley Inge; Mental Health Counselor Jackson; Latoyah Gaines; and K-9 Officers Woolman and Luke are dismissed.

**BACKGROUND**

Wedgeworth filed this action on September 6, 2017. He is currently serving three sentences. The 65 Defendants include the State of Mississippi, MDOC, GEO, MTC, several of their employees, and two prison nurses. Wedgeworth complains about a denial of parole eligibility and various conditions of his confinement and RVRs since 2010.

Wedgeworth was convicted of grand larceny and burglary of an unoccupied dwelling, and on March 22, 2010, the Harrison County Circuit Court sentenced him to serve nine years on each count, concurrently. He was nineteen years old at the time. Less than seven months later, he was convicted of another burglary and sentenced, as a habitual offender, to serve two years, consecutive to the March sentences. He claims that even though the March sentences were parole eligible, MDOC and Defendants Commissioners Christopher B. Epps, Marshall Fisher, and Pelicia Hall revoked his parole eligibility on the first two sentences, solely based on the later, habitual sentence. On October 5, 2016, Defendant Richard Pennington allegedly denied Plaintiff's administrative grievance "on illegal incarceration." (Am Compl. [18-1] at 31).

Since Wedgeworth's incarceration, he has served time at Walnut Grove Youth Correctional Facility, East Mississippi Correctional Facility ("EMCF"), Wilkinson County Correctional Facility, South Mississippi Correctional Institution ("SMCI"), and Central Mississippi Correctional Facility ("CMCF"). GEO was a private contractor that, on behalf of MDOC, ran Walnut Grove and, through June 30, 2012, EMCF.[1] After that point, MTC was the private contractor that ran EMCF and Wilkinson. He contends that his time at all five institutions have been marred by various attacks by inmates and officers; retaliation; denials of medical treatment, water, a mattress, and clothes; unsanitary living conditions; and RVRs.

---
[1] MTC took over running these two prisons as of July 1, 2012.

First, Wedgeworth alleges that between May 24, 2010 and April 3, 2015, he was subject to multiple physical and sexual assaults by fellow inmates at each of the five prisons. One such alleged attack occurred at Walnut Grove, on February 23, 2012, and was purportedly facilitated by Defendant Officer Lucy. Then until March 12, Wedgeworth claims she denied him medical treatment and retaliated against him for seeking treatment. He contends he was eventually treated and put on a list to see a dentist, because his teeth had been injured during the altercation. Wedgeworth maintains, however, that he was transferred before seeing the dentist, "subjecting him to excruciating pains when eating and restricting Plaintiff from being able to consume cold foods or beverages . . . until May or June 2014." *Id.* at 14. Another one of the alleged attacks, at EMCF, was in May of 2013 and happened despite the fact that Defendant Captains Frank Young and Thomas allegedly were on notice beforehand. Also, between the dates of March 21, 2014 and January 30, 2015, while at Wilkinson, Defendant CERT Officer George allegedly encouraged other inmates multiple times to stab Wedgeworth while he was in handcuffs. It is not clear whether he was ever stabbed. He also claims during this time an inmate orderly was poisoning him and had burned him. Wedgeworth allegedly told Defendants Majors Walker and L. Pena and Captain Ella Scott that he was in fear for his life at the prison but they allegedly "refused to listen," and apparently Walker is also accused of knowing that gang members had put a hit on Plaintiff. (2d Resp. Ex. [25-1] at 59, 92). The latest alleged inmate attack occurred on April 2 at SMCI. Wedgeworth claims he asked Defendant Sheneice Evans to "press charges on [t]his assailant," but she did not. (Am Compl. [18-1] at 25). This list of alleged attacks is not exhaustive.

Next, Wedgeworth asserts that, at various points between March 12, 2012 and October 25, 2017, he was locked in a cell for weeks at a time without showers or recreation and at different times had no working water, sink or toilet in his cell. During part of this time he was also allegedly

3

subjected to black smoke from fires set on the zone by other inmates and was denied medical treatment for the smoke. On July 12, 2013, Wedgeworth alleges that Defendants Warden Jerry Buscher, Derrick Smith, and Officer Pulliam sent him to the lock down unit for seven days, only in underwear and shoes, with no hygiene items, mattress, or blanket. On June 22, 2015, Defendants Mark Davis and Captain Reed allegedly denied Wedgeworth his 90 day hearing to determine if he was eligible to come off of long term segregation. Wedgeworth contends that on July 27, Defendant Milton Blakely verbally harassed him. Between July and August 5, Wedgeworth placed in lockdown at SMCI with no water, in a "roach infested filthy cell," he says. *Id.* at 27. During this latest stint, Defendants Jimmie Rogers, Jennifer Smith Roberts, Anthony G. Beasley, Captain Johnson, and Lieutenant Dixon were allegedly aware that he was without water. Wedgeworth claims that he was subjected to a roach infestation the entire time during segregation at SMCI, which included the bugs crawling on him and his food tray during meals.

Wedgeworth next claims that, on October 5, 2015, he informed Defendant Officer Wesley that another inmate was trying to steal his laundry. Wesley "check[ed] out Plaintiff's laundry, yet left it." *Id.* at 29. The inmate then allegedly stole his laundry. Wedgeworth alleges that he then got into an altercation with him, and Wedgeworth was placed in segregation for four days, without a property receipt. When he emerged, some of his other property was missing. When he told Defendant Captain Meryl, he allegedly just laughed.

On September 9, 2016, Wedgeworth purportedly informed Defendants Marshal Turner, Warden K. Blount, and Reed that he had been without state issued clothing and a mattress since November of 2015, but he still received neither. Finally, in June of 2017, Wedgeworth was allegedly subjected to unsanitary conditions due to an inmate flooding, and throwing feces and

4

garbage at and into, his cell, to which he contends Roberts was indifferent. Wedgeworth claims that Mark Davis punished him with property restriction and not the offending inmate.

Plaintiff also claims officers beat him. On October 16, 2012, while housed at EMCF, he was talking to a Lieutenant, when Captain Young, Thomas, Officer Pulliam, and Defendants Lieutenant Mason and Officer Q. Dukes allegedly subjected Wedgeworth to excessive force. Mason and Thomas then purportedly denied him medical treatment and locked him in his cell without toiletries, a mattress, eating utensils, clothes, or hygiene items for ten days. According to the pleadings, sometime around January 1, 2013, Young had an inmate beat Wedgeworth.

On August 22, 2013, Wedgeworth claims Defendant CERT Officer Holloman and Thomas maced him seven consecutive times through his cell's tray hole. They and Defendant Nurses Unqurie Smith and Shirley Inge allegedly denied him medical treatment afterwards. Back in his cell, Wedgeworth claims that there was water mixed with mace, one inch deep in his cell, and his bed had been maced. He contends that he could not breathe from the pain and that he injured his head. Thomas, Lieutenant Mason, Defendant Lieutenant T. Donald, Buscher, Derrick Smith, and Defendant Quincy Moffet allegedly still refused him medical treatment. Wedgeworth further contends he was left naked in these conditions, with blood caked to his hair, for two days and was forced to sleep on his table. He was then taken to the hospital, in bloody clothes, and a laceration on his head was stitched. Afterwards, he claims he was brought back to the same cell and again stripped naked until August 29.

The next alleged excessive force incident occurred on May 12, 2015, while Wedgeworth was being escorted in restraints, to the SMCI infirmary, by Defendant Lieutenant Denise Brewer, Rogers and Defendant Officer Wolff. Wedgeworth claims Rogers, Brewer, and Defendant Joy Ross beat him for no reason and Wolff did not intervene.

On November 7, 2015, while at CMCF, Wedgeworth claims that Defendant K-9 Officer Brown slapped and choked him "for accidentally pushing the collect phone over." *Id.* at 29-30.

The next alleged use of force incidents occurred at SMCI. Wedgeworth claims that Mark Davis would repeatedly refer to him in racially and sexually derogatory terms. Then, on April 21, 2016, Wedgeworth alleges that Mark Davis grabbed him, twisted his arm, and slapped him through his cell bars, "calling Plaintiff several vulgar racial derogatories [sic]." *Id.* at 30. On December 15, Mark Davis allegedly sprayed him twice in the face with a fire extinguisher and then "viciously and maliciously attack[ed]" him, while Defendant Officer Hutchison and Rogers were present. *Id.* at 31. When Wedgeworth filed a grievance on this incident, Pennington allegedly declined to process the grievance as a sensitive issue.

Besides these incidents, Wedgeworth likewise received multiple RVRs between 2012 and 2017. Some resulted in lost earned time; some did not. RVRs # 1420367, 1420370, 1420662, 1436480, 1436481, 1436482, 1452724, 1453286, and 1453320 resulted in lost earned time. Of the ones that resulted in lost earned time, some were reversed.[2] RVR # 1420367 was reversed on December 26, 2013, but MDOC allegedly still has not restored the lost earned time associated with that particular RVR. RVR # 1420662 was reversed January 21, 2014.

Wedgeworth proceeds in this Court, specifically invoking § 1983 and state law. He seeks damages and injunctive relief.

## DISCUSSION

The Prison Litigation Reform Act of 1996, applies to prisoners proceeding *in forma pauperis* in this Court. One of the provisions reads, "the court shall dismiss the case at any time if the court determines that . . . the action . . . (i) is frivolous or malicious; (ii) fails to state a claim

---

[2] RVR # 1420371 was reversed on December 26, 2013, but it is unclear what punishment had been imposed.

on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). The statute "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 32 (1992). "[I]n an action proceeding under [28 U.S.C. § 1915, a federal court] may consider, sua sponte, affirmative defenses that are apparent from the record even where they have not been addressed or raised." *Ali v. Higgs*, 892 F.2d 438, 440 (5th Cir. 1990). "Significantly, the court is authorized to test the proceeding for frivolousness or maliciousness even before service of process or before the filing of the answer." *Id.* The Court has permitted Wedgeworth to proceed *in forma pauperis* in this action. The Complaint is subject to *sua sponte* dismissal under § 1915.

Wedgeworth asserts claims under § 1983 and state law, concerning his parole eligibility, RVRs, and conditions of his confinement. Generally, he sues the State, MDOC, GEO, MTC, their employees, and two nurses.

<u>STATE AND MDOC</u>

First, Wedgeworth sues the State and MDOC under § 1983 and the Mississippi Constitution for allegedly depriving him of parole eligibility, ex post facto. These two are also sued under § 1983 for the various conditions of Wedgeworth's confinement from 2010 to present as well as the RVRs.

First, § 1983 provides:

Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State . . . subjects, or causes to be subjected, any citizen of the United States . . . to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress. . . .

7

42 U.S.C. § 1983. The State of Mississippi is not amenable to suit under this statute, because "a State is not a person within the meaning of § 1983." *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 64 (1989). This holding likewise applies to "any governmental entities that are considered 'arms of the State' for Eleventh Amendment purposes." *Id.* at 70. MDOC is considered an arm of the State of Mississippi. Miss. Code Ann. § 47-5-1; *Scott v. Miss. Dep't of Corrs.*, No. 2:05cv2159-KS-JMR, 2006 U.S. Dist. LEXIS 43683 at *2 (S.D. Miss. June 12, 2006). Therefore, the § 1983 claims against the State and MDOC are dismissed with prejudice.

Second, to the extent the State and MDOC are sued under state law, the Mississippi Tort Claims Act does not waive the State's Eleventh Amendment immunity "from suit in federal court." Miss. Code Ann. § 11-46-5(4). Therefore, the state law claims against the State and MDOC are dismissed without prejudice.

GEO AND ITS EMPLOYEES

Wedgeworth sues GEO under "the laws of Mississippi as well as the U.S. Constitution," for incidents occurring at Walnut Grove and EMCF prior to July 1, 2012. (Am. Compl. [18-1] at 42). GEO employee Officer Lucy is sued under § 1983. She is accused of an alleged failure to protect on February 23, 2012, and a denial of medical treatment and retaliation until March 12. Defendant Investigator Alexander is alleged to work at EMCF and is sued under § 1983. No other facts are alleged against Alexander, whether as a GEO or MTC employee.

I. SECTION 1983

"Because no specified federal statute of limitations exists for § 1983 suits, federal courts borrow the forum state's general or residual personal-injury limitations period, which in Mississippi is three years." *Edmonds v. Oktibbeha County*, 675 F.3d 911, 916 (5th Cir. 2012) (citations omitted). Federal law, however, determines when the limitations period begins to accrue

8

for § 1983 claims. *Wallace v. Kato*, 549 U.S. 384, 388 (2007). Generally, these claims began to accrue when Wedgeworth knew or reasonably should have known of his injury. *Gonzales v. Wyatt*, 157 F.3d 1016, 1020 (5th Cir. 1998).

The latest claim asserted against any in this particular group of Defendants occurred on June 30, 2012. Therefore Wedgeworth had until June 30, 2015 to file the latest claims against GEO. The claims against any others expired earlier. This Complaint was not filed, however, until 2017. Unless the statute of limitations is tolled, these § 1983 claims are untimely.

The Court applies state tolling rules. *Wallace*, 549 U.S. at 395. For the claims that occurred when Wedgeworth was a minor, the statute of limitations did not begin to accrue on these claims until he reached 21 years of age. Miss. Code Ann. §§ 11-46-11(4), 15-1-59; *Pollard v. Sherwin-Williams Co.*, 955 So. 2d 764, 770 (¶18) (Miss. 2007). He alleges he was 19 on March 22, 2010; so, he was 21 by at least March 22, 2012. All claims against Officer Lucy were therefore tolled until this date at the latest, giving him only an additional ten days to have filed his claims against her. Tolling under the minor savings statute has no effect on the latest of the GEO claims, which occurred in 2012. In any event, the tolling under the minor savings statute does not suffice to save the claims against GEO Defendants.

Nevertheless, Wedgeworth argues the statute of limitations should be tolled because he was ignorant of his legal rights, was in a stressful environment, and lacked faith in the judicial system. This is insufficient to toll the statute of limitations in Mississippi. Miss. Code Ann. §§ 15-1-57, 15-1-59, 15-1-67. These § 1983 claims are untimely and will be dismissed as frivolous. *Gartrell v. Gaylor*, 981 F.2d 254, 256 (5th Cir. 1993).

II.  STATE LAW

GEO, however, is also sued under state law under an apparent theory of respondeat superior for the alleged assault and battery in 2012, and negligence and denials of medical treatment, recreation and water occurring prior to July 1, 2012.  GEO, as a private contractor operating a prison for the State, is not subject to the limitations period found in the Mississippi Tort Claim Act.  *See*, *Leavitt v. Carter*, 178 So. 3d 334, 339 (¶15) (Miss. Ct. App. 2012).  Rather, the assault and battery claims are subject to a one year statute of limitations found in Mississippi Code Annotated § 15-1-35 and therefore should have been filed by 2013.  At most, the rest would be subject to the three year general statute of limitations.  Miss. Code Ann. § 15-1-49.  As with the § 1983 claims based on these same incidents, the state law claims are untimely.

MANAGEMENT AND TRAINING CORPORATION AND ITS EMPLOYEES

MTC and its employee Defendants are sued under § 1983 for claims occurring at EMCF, since July 1, 2012, and for the alleged incidents at Wilkinson.

I.  EAST MISSISSIPPI CORRECTIONAL FACILITY

MTC and its employees are first sued, under §1983, for incidents that occurred at EMCF from July 1, 2012 through November 15, 2013.  These include alleged unconstitutional living conditions and RVRs.

A.  RULE VIOLATION REPORTS

Wedgeworth first alleges a lack of due process with five RVRs received at EMCF.  He sues MTC, Ruffin, Dukes, Hardy, and Buscher for RVRs # 1436480 through 2, all three received on November 11, 2013.  These convictions were for escape, destroying state property, and possession of major contraband.  Four days later, he received RVRs # 1420367 and 1420370, for possession of major contraband.  The first was issued by Defendant K-9 Officer Luke and the second by

Defendant K-9 Officer Woolman. Each resulted in a loss of 180 days of earned trusty time. Wedgeworth claims RVR # 1420367 was reversed, on December 26, by Buscher, but that the lost time was never put back towards his sentence calculation.

A § 1983 claim that challenges the fact or duration of a State conviction or sentence "is barred (absent prior invalidation) . . . if success in that action would necessarily demonstrate the invalidity of confinement or its duration." *Wilkinson v. Dotson*, 544 U.S. 74, 81-82 (2005). In such a case, "a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). "A 'conviction,' for purposes of *Heck*, includes a ruling in a prison disciplinary proceeding that results in a change to the prisoner's sentence, including the loss of good-time credits." *Clarke v. Stalder*, 154 F.3d 186, 189 (5th Cir. 1998). Where success on the § 1983 claim "will not necessarily imply the invalidity of confinement or shorten its duration," then the action may proceed. *Wilkinson*, 544 U.S. at 82.

Wedgeworth claims he had no notice and was denied hearings on the first three RVRs. He claims the last two are fictitious and that he is illegally sentenced on RVR # 1420367. Success on these claims will necessarily invalidate the length of his confinement. Therefore, the claims may only proceed if he proves the revocations have already been invalidated. He admits that the revocations of earned time still stands.

Because his revocations of earned time have not been invalidated, Wedgeworth is precluded by *Heck* from challenging them in this civil action at this time. These claims will therefore be dismissed with prejudice for failure to state a claim, until such time as he has these

revocations of earned time invalidated via appeal, post-conviction relief, habeas corpus relief, or otherwise. *Johnson v. McElveen*, 101 F.3d 423, 424 (5th Cir. 1996).

Second, it is unclear if Plaintiff is complaining about RVR # 1420371, which he says was reversed on December 26, 2013. To the extent he is, any such claim should have been filed by 2016. The claim is therefore untimely.

### B. REMAINING CONDITIONS CLAIMS

As for the remaining conditions claims at EMCF, MTC is sued for various alleged incidents through November 15, 2013. Young, Thomas, Pulliam, Mason, and Dukes are accused of excessive force on October 16, 2012. Mason and Thomas then allegedly denied medical treatment, a mattress, clothes, or hygiene items for ten days. Young is accused of another instance of excessive force on or about January 1, 2013. He and Thomas are also sued for an alleged failure to protect the following May. Buscher, Derrick Smith, Thomas, Mason, and Pulliam are sued for searching Plaintiff's cell through July 12. Buscher, Derrick Smith, and Pulliam are accused of an alleged denial of clothes, hygiene items, mattress, and blanket through July 19. In August, Holloman and Thomas allegedly committed excessive force, and they, Mason, Donald, Buscher, Derrick Smith, and Moffet allegedly refused medical treatment. They also allegedly subjected Plaintiff to unconstitutional living conditions through August 29. Finally, Wedgeworth sues Warden Grimmes for "[i]ncompetence in maintaining a controlled facility." (Am. Compl. Ex. [18-1] at 37).

The latest that any of these claims accrued for this particular group of Defendants is November 15, 2013. As with the claims against GEO, these EMCF conditions claims are untimely.

II.  WILKINSON COUNTY CORRECTIONAL FACILITY

Wedgeworth claims he was back in MTC's care when housed at Wilkinson, between March 21, 2014 and January 30, 2015. He alleges a failure to protect and unlawful RVRs.

A.  RULE VIOLATION REPORTS

Wedgeworth first complains the Wilkinson RVRs violated due process. The four RVRs at Wilkinson (1410701, 1595797, 1596229, and 1596250) did not lead to lost earned time but rather lost privileges. These were received between January 18 and 26, 2015. Defendant Warden Frank Shaw affirmed RVRs # 1410701 and 1596250 and reversed the other two. Both affirmed RVRs resulted in lost privileges for a month.

To maintain a procedural due process claim, Plaintiff must show that the RVR either (1) affected or "will inevitably affect the duration of his sentence" or (2) imposed an "atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." *Sandin v. Conner*, 515 U.S. 472, 484, 487 (1995). Wedgeworth does not allege that the Wilkinson RVRs affected or will inevitably affect his sentence. Rather, he complains that he was subject to a loss of privileges for one month each. The loss of privileges are not an atypical or significant hardship on the inmate. *Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997) (holding 30 day loss of commissary plus 30 day segregation did not implicate due process). The Wilkinson RVR claims are therefore dismissed as frivolous. *Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998).

B.  FAILURE TO PROTECT

Next, Wedgeworth claims certain Wilkinson employees failed to protect him. All that is alleged against MTC is that it employs these people.

"There is no vicarious or *respondeat superior* liability of supervisors under section 1983." *Rios v. City of Del Rio*, 444 F.3d 417, 425 (5th Cir. 2006). Rather, the supervisor must either be

personally involved in the violation or otherwise have caused the violation. *Id.* MTC is not alleged to have been personally involved in any of the alleged incidents or otherwise deliberately indifferent to the conditions or failures complained of in this case. Wedgeworth fails to state a claim against MTC for failure to protect.

MDOC EMPLOYEES

Next, various MDOC employees are also sued under § 1983 for incidents occurring at SMCI and CMCF. Some are discussed below.

I. CENTRAL MISSISSIPPI CORRECTIONAL FACILITY

Wedgeworth was at CMCF during various intervals in 2010-12 and from September 29 to November 13, 2015. Among other things, he alleges lost property and a failure to investigate.

A. PROPERTY DEPRIVATION

First, Wedgeworth sues Wesley because his laundry was stolen by another inmate. Wesley is accused of checking on Plaintiff's property but not securing it beforehand. Plaintiff complains that, while MDOC "has trained professionals to handle matters in a professional manner to uphold and ensure justice," Wesley acted with incompetence. (2d Resp. Ex. [25-1] at 98).

A negligent deprivation of property is not a constitutional violation. *Daniels v. Williams*, 474 U.S. 327, 328 (1986). Wesley is merely accused of being negligent and incompetent. This claim is dismissed as frivolous.

B. FAILURE TO INVESTIGATE

Meryl is next sued for failing to investigate Plaintiff's claim of stolen property. Wedgeworth "does not have a federally protected interest in having th[is] grievance[] resolved to his satisfaction." *Geiger v. Jowers*, 404 F.3d 371, 374 (5th Cir. 2005). Even the failure to investigate a grievance, by itself, does not rise to the level of a constitutional violation. *Id.*;

14

*Andrews v. Fowler*, 98 F.3d 1069, 1079 (8th Cir. 1996); *Smallwood v. McDonald*, 805 F.2d 1036, 1036 (6th Cir. 1986); *Gomez v. Whitney*, 757 F.2d 1005, 1006 (9th Cir. 1985). Therefore, the denial of his grievance, without more, does not state a constitutional violation.

II.  SOUTH MISSISSIPPI CORRECTIONAL INSTITUTION

As for the SMCI claims, Wedgeworth was first transferred there November 15, 2013 and remained until March 21, 2014, and then again from January 30 to September 29, 2015, and then finally from November 13 through the filing of this lawsuit. Among other things, he challenges disciplinary proceedings, a failure to prosecute, verbal harassment, and the way some of his grievances were handled.

A.  RULE VIOLATION REPORTS

First, Wedgeworth alleges he received several RVRs at SMCI. A few are discussed below. Even though RVRs # 1436480-2, 1420367, and 1420370 were issued while at EMCF, the disciplinary hearings took place at SMCI in November, 2013. Defendant Gary Holton delivered the RVRs, and Defendant Lieutenant Lisa Herndon was the disciplinary hearing officer. Defendant Doris McDonald is sued for approving the punishments. These three are accused of violating due process during the proceedings. As discussed previously, any such claims based upon these RVRs are barred by *Heck*.

Plaintiff also claims RVRs No. # 1420662, 1452724, 1453286, and 1453320 each resulted in the loss of 180 days of earned time. Holton, Herndon, and McDonald are accused of violating due process with respect to the first one. However, on January 21, 2014, it was reversed. While the first one is no longer *Heck* barred, it is untimely. Plaintiff admits that the *Heck* bar was removed on January 21, 2014. This gave him until, at the latest, January 21, 2017 to file the § 1983 claim based upon RVR # 1420662. As with the claims against GEO, this RVR claim is time-barred.

15

As for the others, Holton issued both RVRs # 1452724 and 1453320. Herndon heard them and 1453286 and set the punishments, and McDonald approved the losses of earned time. Warden Hubert Davis denied the appeal of the first one. In doing so, they are all accused of violating due process and denying hearings. Because these RVRs and resulting revocations of earned time were never reversed, these claims are barred by *Heck* for the reasons discussed above.

Also, Defendant Lucy Martin is accused of falsifying RVR # 1721038 and finding Wedgeworth guilty unlawfully. Specifically, on February 24, 2017, he received this RVR for possessing major contraband. Defendant Officer Taha investigated and delivered the RVR. It was marked to indicate that Wedgeworth waived a hearing. Martin found Wedgeworth guilty and punished him with six months of canteen and visitation restriction without a hearing. Neither constitutes an atypical or significant hardship. *Watkins v. Lnu*, 547 F. App'x 409, 410 (5th Cir. Apr. 23, 2013) (holding three month loss of commissary, visitation, and telephone privileges did not implicate a liberty interest); *Hernandez v. Velasquez*, 522 F.3d 556, 562-63 (5th Cir. 2008) (holding classification which resulted in one year confined to a shared cell, with leave only for showers, medical appointments, and family visits was not an atypical or significant hardship). The due process claims for this RVR are frivolous.

Finally, Wedgeworth sues Lieutenant Smith, saying only that he is employed at SMCI and he, "falsif[ied] multiple . . . RVRs." (Am. Compl. Ex. [18-1] at 67). No other facts are alleged against this Defendant, and the Court can discern no RVR in which he participated. The allegations against Lieutenant Smith are vague and conclusory, and Plaintiff fails to state a claim against this Defendant upon which relief may be granted.

B.     <u>Failure to Prosecute</u>

Wedgeworth next sues Evans for failing to press charges against another inmate. Wedgeworth does not have a constitutional right to institute criminal proceedings. *Oliver v. Collins*, 914 F.2d 56, 60 (5th Cir. 1990). The claim against Evans is frivolous.

C.     <u>Verbal Harassment</u>

Wedgeworth also sues Blakely for alleged verbal harassment. On July 27, 2015, while Wedgeworth was in the recreation cage, Blakely allegedly taunted him for thirty minutes, telling him he would not get out of prison and was a "psycho animal who cuts on [him]self." (2d Resp. Ex. [25-1] at 81). Later that day, Blakely is claimed to have grabbed a chain attached to Wedgeworth's waist chain, called him a dog, and told him to bark. He contends that Blakely has continued since then to tell him he will not get out of prison.

"It is clear that verbal abuse by a prison guard does not give rise to a cause of action under § 1983." *Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997). Even threatening language accompanied by threatening gestures by a prison official does not amount to a constitutional violation. *McFadden v. Lucas*, 713 F.2d 143, 146 (5th Cir. 1983). Therefore, these alleged remarks, while not exemplary, cannot support a claim in and of themselves and are subject to sua sponte dismissal. *Id.* at 146-47.

D.     <u>Grievances</u>

Wedgeworth also complains that Pennington served him a response to a grievance without letting him sign for it, denied a grievance about illegal incarceration, and would not process a grievance as a sensitive issue.

Once again, Wedgeworth does not have a protected interest in the grievance process. *Geiger*, 404 F.3d at 373-74. To the extent that he is challenging the legality of his incarceration,

success on such a claim would necessarily invalidate his sentence or conviction; therefore the claim is barred by *Heck*.

III. JERRY WILLIAMS

Another MDOC employee sued by Wedgeworth is Jerry Williams, Deputy Commissioner of Institutions. He is sued under §1983 for alleged "[i]ncompetence, and neglect [sic] to act according to color of law." (Am. Compl. Ex. [18-1] at 59). The Court is not told in what manner he was incompetent. The allegations against him are vague and conclusory and fail to state a claim.

WARDEN JACKSON, RUSELL HOUSTON, CAPTAIN BROWN, MENTAL HEALTH COUNSELOR JACKSON, AND LATOYAH GAINES

Wedgeworth also sues Warden Jackson, Investigator Rusell Houston, Captain Brown, Mental Health Counselor Jackson, and CERT Officer Latoyah Gaines under § 1983, although the Court is not told at which prison or what time they worked. All are simply accused of "violating Plaintiff's Constitutional rights," as "stated in" the "aforesaid statement of claims." (Am. Compl. Ex. [18-1] at 57-59, 68, 70-71). However, none of these Defendants appears in the Statement of Claims section or elsewhere in the pleadings. The allegations against these five are vague and conclusory and fail to state a claim.

NURSES

Besides the prison officials, Wedgeworth sues two nurses—Nurse Smith and Inge. They are sued under §1983 for the alleged denial of medical treatment on August 22, 2013, at EMCF. This claim is untimely against them for the same reason it was untimely against the EMCF defendants.

**IT IS THEREFORE ORDERED AND ADJUDGED** that, for the reasons stated above, Defendants State of Mississippi and Mississippi Department of Corrections should be, and are

18

hereby, **DISMISSED**. The 42 U.S.C. § 1983 claims against them are dismissed with prejudice as frivolous. The state law claims against them are dismissed without prejudice.

**IT IS FURTHER ORDERED AND ADJUDGED** that the claims against Defendants GEO; Warden Grimmes; Frank Shaw; Officer Lucy; Derrick Smith; Frank Young; Lieutenant Thomas, also known as Captain Thomas; Lieutenant Mason; Quincy Moffet; Officer Pulliam; CERT Officer Holloman; Lucy Martin; Milton Blakely; Lieutenant T. Donald; Unqurie Smith; Shirley Inge; Sheneice Evans; Officer Wesley; and Officer Taha are **DISMISSED WITH PREJUDICE** as frivolous.

**IT IS FURTHER ORDERED AND ADJUDGED** that the claims against Defendants Management and Training Corporation, Investigator Alexander, Lisa Herndon, Gary Holton, Doris McDonald, Captain Meryl, and Richard Pennington are **DISMISSED WITH PREJUDICE** as frivolous and for failure to state a claim.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants Jerry Buscher and Officer Q. Dukes are **DISMISSED WITH PREJUDICE**. The Rule Violation Report claims against them are dismissed for failure to state a claim until pro se Plaintiff Wiley David Wedgeworth successfully has the respective revocations invalidated, via appeal, post-conviction relief, habeas, or otherwise. The remaining claims against these Defendants are dismissed as frivolous.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants Hubert Davis, Officer Hardy, Sergeant Ruffin, K-9 Officer Woolman, and K-9 Officer Luke are **DISMISSED WITH PREJUDICE** for failure to state a claim until Plaintiff successfully has the respective revocations invalidated, via appeal, post-conviction relief, habeas, or otherwise.

**IT IS FURTHER ORDERED AND ADJUDGED** that Defendants Lieutenant Smith, Warden Jackson, Jerry Williams, Rusell Houston, Captain Brown, Mental Health Counselor Jackson, and Latoyah Gaines are **DISMISSED WITHOUT PREJUDICE** for failure to state a claim against them upon which relief could be granted. The remainder of the case shall proceed.

**SO ORDERED AND ADJUDGED**, this the 23rd day of March, 2018.

s/Carlton W. Reeves  
UNITED STATES DISTRICT JUDGE