IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILEY WEDGEWORTH                                                  PLAINTIFF

VS.                                                  CIVIL ACTION NO. 3:17cv730-FKB

CHRISTOPHER B. EPPS, et al.                                DEFENDANTS

**OPINION AND ORDER**

Wiley Wedgeworth, a state prisoner, filed this action pursuant to 42 U.S.C. § 1983 bringing claims arising out of his incarceration at Wilkinson County Correctional Facility (WCCF), South Mississippi Correctional Institution (SMCI), and Central Mississippi Correctional Facility (CMCF). In his original complaint, he alleged that he had been unlawfully denied parole eligibility. He later amended his complaint to include a host of claims against a total of 65 defendants. Claims against 43 of the defendants were subsequently dismissed. Presently before the Court are the motions for summary judgment based upon qualified immunity filed by the following defendants: Marshall Fisher, Pelicia Hall, Marshal Turner, Jacqueline Banks, Katherine Blount, Jacqueline Leverette, Dustin Wolfe, Kenneth Dixon, Anthony Beasley, Regina Reed, Nathaniel Brown, and Jennifer Smith Roberts [96]; and Gabriel Walker, Ella Scott, and Leonel Pena [94]. The Court concludes that the motions should be granted, as Plaintiff has failed to establish any constitutional violations by these defendants.

***Claims against MTC Defendants***

From March 21, 2014 until January 30, 2015, Wedgeworth was housed at WCCF, a facility operated by Management and Training Corp. (MTC). He alleges that an unidentified inmate floor walker at the prison harassed him, refused to give him his food trays, put foreign substances in his food, and threatened him. The floor walker also threw back at Plaintiff a burning shirt that Plaintiff had set on fire and thrown out of his cell in order to get attention. Plaintiff alleges that he suffered burns as a result of this latter incident. According to Plaintiff, he complained to Defendants Walker, Scott, and Pena about the floor walker, but they did nothing.

Defendants Walker, Scott, and Pena, officials at WCCF, have moved to dismiss on the basis of Wedgeworth's failure to exhaust his administrative remedies. The applicable section of the Prison Litigation Reform Act (PLRA), 42 U.S.C. §1997(e), requires that an inmate bringing a civil rights action in federal court first exhaust his available administrative remedies. *Whitley v. Hunt*, 158 F.3d 882 (5th Cir. 1998). This exhaustion requirement applies to all inmate suits about prison life. *Porter v. Nussle*, 534 U.S. 516, 122 S. Ct. 983, 992 (2002). The requirement that claims be exhausted prior to the filing of a lawsuit is mandatory and non-discretionary. *Gonzalez v. Seal*, 702 F.3d 785 (5th Cir. 2012).

In support of their motion, Walker, Scott, and Pena have submitted the affidavit of Janice Williams, the Administrative Remedy Program Coordinator at WCCF, along with relevant documents from Plaintiff's file. [94-5]. The affidavit and accompanying documents establish that Wedgeworth submitted a total of six grievances during his

time at WCCF.  Only two of these, ARP Nos. WCCF- 14-599 and WCCF-15-63, addressed in any way Plaintiff's concerns for his safety.  Neither mentioned the inmate floorwalker, and neither mentioned or referenced any of the three movants. Furthermore, Plaintiff failed to complete the two-step ARP process as to these grievances.  Because the undisputed evidence establishes that Plaintiff failed to meet the exhaustion requirement as to his claims against the Walker, Scott, and Pena, these claims will be dismissed.

***Eligibility for Parole***

Plaintiff alleges that MDOC officials Pelicia Hall and Marshall Fisher have wrongfully denied him eligibility for parole.  Plaintiff pleaded guilty in 2008 to burglary and grand larceny.  He was sentenced to ten years on each count, the sentences to be served concurrently, with nine years suspended and one year to serve.  However, in March of 2010, his suspended sentences were revoked because of a new burglary charge.  As a result, he was sentenced to the original nine years from the 2008 sentences.  On December 2, 2010, he pleaded guilty to the new burglary charge and was sentenced as a habitual offender to two years, the sentence to be served consecutively to the nine years he was already serving.

Plaintiff states that in May of 2010, he was issued a time computation with a parole eligibility date.  However, in early 2011, as a result of his 2010 conviction and sentence as a habitual offender, he was reclassified as ineligible for parole.  This ineligibility was dictated by Miss. Code Ann. § 47-7-3, which provides that habitual

offenders are ineligible for parole.[1] Plaintiff takes issue with this state of affairs, claiming that he has now received an increase in punishment for past conduct and that Miss. Code Ann. § 47-7-3 is an "ex post facto law" and therefore unconstitutional. [18-1] at 12. This characterization of the statute and its effect on him is incorrect, as he can point to no amendment to the statute that has applied to him retroactively. That portion of the statute denying parole eligibility to habitual offenders was in place at the time of his Wedgeworth's earlier offenses; it merely became applicable to him once he committed the 2010 crime and was sentenced as a habitual offender. The Constitution's prohibition on ex post facto laws is not applicable.

### *Cell Conditions at SMCI and Retaliation*

Plaintiff complains of the conditions while housed in the maximum security unit at SMCI. He alleges that in late July of 2015, he was placed in a cell that was without running water for approximately five days, had no working air conditioner or fan, and was dirty and infested with roaches. He also alleges that he was placed in these conditions in retaliation for having filed appeals of rule violation reports (RVR's). Wedgeworth has failed to identify any particular defendant who was responsible for his placement in the cell or the conditions there. However, he testified that he informed Defendants Roberts, Beasley, Johnson, Dixon, Reed, and Rogers about the conditions. He has also implicated Defendant Turner in his claims involving SMCI.

---

[1] Miss. Code Ann. § 47-7-3 sets forth the conditions for parole eligibility. Section 47-7-3(1)(a) provides that "[n]o prisoner convicted as a confirmed and habitual criminal under the provisions of Sections 99-19-81 through 99-19-87 shall be eligible for parole." Apparently Plaintiff's habitual offender sentence was pursuant to Miss. Code Ann. § 99-19-81, which provides that persons who have been twice previously convicted of a felony for which they were sentenced to separate terms of one year or more shall be sentenced to the maximum term.

The Eighth Amendment's prohibition on cruel and unusual punishments requires that prison officials "ensure that inmates receive adequate food, clothing, shelter, and medical care, and . . . take reasonable measures to guarantee the safety of the inmates." *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citations and internal quotation marks omitted). However, "[t]he Constitution does not mandate comfortable prisons." *Id*. In order to establish an Eighth Amendment violation, an inmate must prove two elements: First, he must show that the deprivation exposed him to "a substantial risk of serious harm," resulting "in the denial of the minimal civilized measure of life's necessities." *Id*. at 834. Second, he must establish that the defendant possessed a "sufficiently culpable state of mind," *id*. at 834, in that he exhibited "deliberate indifference" to the inmate's serious needs, *Estelle v. Gamble*, 429 U.S. 97, 106. A prison official displays deliberate indifference only if knows of and disregards a "substantial risk of serious bodily harm." *Gobert*, 463 F.3d 339, 346 (quoting *Farmer*, 511 U.S. at 847). While the conditions in Wedgeworth's cell may have been unpleasant and inconvenient, he has not shown that they were sufficiently serious or of sufficient duration to constitute an extreme deprivation of life's necessities or to pose a serious risk to his health or safety. Furthermore, he has failed to establish that any defendant was deliberately indifferent to his serious needs or to extreme deprivations. Accordingly, Plaintiff's Eighth Amendment claims are without merit.

To prevail on a retaliation claim, an inmate must produce either direct evidence of motivation or "allege a chronology of events from which retaliation may plausibly be inferred." *Bibbs v. Early*, 541 F.3d 267, 272-73 (2008) (quoting *Woods v. Smith*, 60

5

F.3d 1161, 1166 (1995)). Wedgeworth has offered nothing more than his own belief that his placement in the conditions he described was motivated by his appeal of RVR's. Neither has he identified any particular defendant who acted out of a retaliatory motive. Thus, he has failed to establish a claim for retaliation.

***Failure to Protect***

Plaintiff's failure-to-protect claim arises out of an incident at SMCI. On April 3, 2015, while Plaintiff was being escorted to the infirmary, an unidentified gang member threw scalding water on him. Plaintiff received medical attention for his burns. He complains that prison officials failed to protect him from this attack; he also alleges that Defendants Reed and Blount knew that he had problems with certain gang members but allowed him to be housed with them anyway.

The Eighth Amendment imposes upon prison officials a duty "to protect prisoners from violence at the hands of other inmates." *Williams v. Hampton*, 797 F.3d 276, 280 (5th Cir. 2015) (quoting *Farmer v. Brennan*, 511 U.S. 825, 833 (1994)). A prisoner establishes a violation of his right to protection by proving that prison officials were deliberately indifferent "to a substantial risk of serious harm." *Id.* (quoting *Farmer v. Brennan*, 511 U.S. at 834). Plaintiff has come forward with no evidence that any defendant had knowledge of a serious risk that the gang member would attack Plaintiff. Furthermore, his general complaints about being housed with gang members are insufficient to support a claim of deliberate indifference. Wedgeworth's failure-to-protect claim is without merit.

***Failure to Intervene***

Plaintiff alleges that on May 12, 2015, Defendant Denise Brewer and Jimmie Rogers, an unserved defendant, assaulted him while they, along with Dustin Wolfe, were escorting him to the infirmary. He claims that Brewer kicked him in the face, head, neck, shoulders, back, and spine and then jumped up and down on Plaintiff's left knee. [18-1] at 25-27. According to Plaintiff, Defendant Wolfe failed to intervene. *Id.*

In support of the motion, Wolfe has submitted Plaintiff's medical records, which contain additional details about the incident – details that Plaintiff has not disputed. According to the medical records, Plaintiff was taken to the infirmary because he was threatening suicide. [100-2] at 4. Once he arrived at the infirmary, Plaintiff explained that the officers had assaulted him because he had a razor in his hand. [100-2] at 3. Plaintiff further stated that he had threatened to head butt one of the officers if he did not let go of Plaintiff's hand and had then carried out the threat. *Id.*

An officer may be held liable where he is present at the scene of the use of excessive force by another officer and fails to take reasonable actions to prevent harm to the inmate if (1) he knows that another officer is using excessive force on an inmate, (2) he has a reasonable opportunity to prevent harm to the inmate, and (3) he chooses not to intervene. *Kitchen v. Dallas Cty., Tex.*, 759 F.3d 468, 480 (5th Cir. 2014.). Plaintiff's sworn statements establish only that Wolfe was present at the incident and that he failed to intervene; they do not show that Wolfe had a reasonable opportunity to do so. Plaintiff's evidence fails to establish a constitutional violation.

*Rule Violation Reports*

Plaintiff has asserted numerous claims regarding disciplinary proceedings involving "fictitious" RVR's brought against him. Plaintiff initially asserted claims based upon a multitude RVR's at several institutions. Most of these were previously dismissed as either *Heck*-barred or untimely. [27] at 10-12, 13, 15-16. When questioned at the omnibus hearing, he identified three defendants to whom these allegations are directed: Defendants Banks, Leverette, and Roberts, all of whom are or were employed at SMCI. [94-2] at 18, 19, 23. The only RVR which appears to involve any of these defendants is RVR no. 01586260, which was issued by Leverette for assaulting an officer, specifically, for "head-butting" Officer Rogers in the incident described above. [18-2] at 17. Plaintiff was found guilty on this RVR and received a loss of privileges as punishment. *Id.* Plaintiff's allegations as to this RVR fail to state a claim. That Plaintiff believed the RVR's to have cited untrue facts does not, in and of itself, raise a constitutional issue. *See Collins v. King*, 743 F.2d 248, 253 (5th Cir. 1984). Furthermore, because his punishment consisted of only a loss of privileges, no due process concerns are implicated. *See Madison v. Parker*, 104 F.3d 765, 768 (5th Cir. 1997).

*Excessive Force by Nathaniel Brown*

Wedgeworth contends that on November 7, 2015, while he was housed at CMCF, Officer Nathaniel Brown and an unidentified officer used excessive force against him. According to Plaintiff, Brown slapped him several times and choked him because Plaintiff had accidentally turned over a portable collect telephone. In support of his

motion, Brown has submitted a declaration under penalty of perjury. [96-3] at 1. Brown, who is currently a chaplain at another correctional facility, states in the declaration that although he was previously employed at CMCF, he did not begin working there until February 1, 2016. Plaintiff does not rebut or even address this evidence in his response to the motion. Because there is no genuine factual issue as to Brown's participation in the alleged November 7, 2015, assault, Brown is entitled to judgment as a matter of law.

### *Religion*

As a close-custody inmate, Wedgeworth is ineligible to participate in prison work programs. He argues that the prison's refusal to allow him to work interferes with the exercise of his religion, in that Christianity directs that he work and provide for himself. This claim is without merit. Even assuming, for the sake of argument, that the denial of employment opportunities in some way affects Plaintiff's practice of his religion, that denial is nevertheless lawful because it is reasonably related to the legitimate penological interest of maintaining security. *See Butts v. Martin*, 877 F.3d 571, 584 (5th Cir. 2017). Plaintiff has failed to establish a violation of his right to practice his religion.

### *Dismissals and Remaining Claims*

For the reasons stated herein, the motions are granted and the claims against the following defendants are dismissed with prejudice: Marshall Fisher, Pelicia Hall, Marshal Turner, Gabriel Walker, Jaqueline Banks, Katherine Blount, Jacqueline Leverette, Dustin Wolfe, Kenneth Dixon, Anthony Beasley, Regina Reed, Jennifer Smith Roberts, Ella Scott, Leonel Pena, and Nathaniel Brown.

Six defendants remain unserved: Christopher Epps, Jimmie Rogers, Faytonia Johnson, Cordaius George, Justin Hutcherson, and Joy Ross. Plaintiff is directed to show cause, in writing, within 14 days of entry of this order, as to why these defendants should not be dismissed pursuant to Fed. R. Civ. Proc. 4(m). Also remaining is an excessive force claim against Denise Brewer, who has been served with process but has never responded to the complaint. Plaintiff has never sought an entry of default or a default judgment against Brewer. Plaintiff is directed to show cause, in writing, within 14 days of entry of this order, why this claim should not be dismissed for failure to prosecute.

Finally, a suggestion of death was filed on September 13, 2019, as to Mark Davis, against whom Plaintiff has asserted excessive force claims. Plaintiff failed to seek substitution within the time period prescribed by Fed. R. Civ. Proc. 25. Accordingly, these claims are hereby dismissed.

So ordered, this the 28th day of February, 2020.

/s/ F. Keith Ball
United States Magistrate Judge